THE STATE v. HARVEY, *Appellant.*

Division Two, November 9, 1897.

Indictment for Arson: CHATTELS:   HAYSTACK.   The indictment charged that the defendant did "feloniously set fire to and burn certain chattels and personal property" . . . . . . . "said chattels and personal property consisting of three certain ricks or stacks of hay."   The indictment is *held* to be valid, as haystacks are *ejusdem generis* as "goods, wares or merchandise or other *chattels*," the burning of which under section 3518 is made arson in the fourth degree.   *Held,* further, that the indictment is valid under the class of section 3518, *supra,* which embraces "any grain or herbage growing or *standing* in the field."

*Appeal from Crawford Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

*William P. Elmer* and *C. E. Grosse* for appellant.

(1) Burning haystacks or ricks is not an offense under section 3518, Revised Statutes 1889, defining arson in the fourth degree.   A stack of hay situate on a farm, as described in this indictment, is neither

"goods, wares, nor merchandise" in the legal or common acceptation of those terms.  *State v. Bryant*, 90 Mo. 534; *State ex rel. v. Seibert*, 123 Mo. 424; *State v. Schuchmann*, 133 Mo. 116.   (2) "Grain, grass or herbage, growing or standing in the field" refers to its state prior to its severance from the soil.   R. S. 1889, sec. 3518.   (3) This statute is penal and criminal, and must be strictly construed in favor of the defendant, and all doubts concerning its interpretation are to weigh only in his favor.   Bishop, St. Cr. [2 Ed.], secs. 193, 194, 227; *State v. Schuchmann*, 133 Mo. 117.

*Edward C. Crow*, Attorney-General, and *Sam .B. Jeffries*, Assistant Attorney-General, for the State.

(1) The indictment is substantially in the usual form employed in such cases, and therefore valid. Kelly's Criminal Law and Practice, sec. 599; *State v. Polsten*, 14 Mo. 463; *State v. Hester*, 17 Ga. 130; *State v. Cochrane*, 6 Md. 400.   (2) Chattels include all kind of property except freehold, or things which are parcels of it.   131 Mo. 347; 3 Am. and Eng. Ency. of Law, 163; *Weston v. McDowell*, 20 Mich. 356; *Tisdale v. Harris*, 20 Pick. 13.   And in many respects it has nearly as large a signification in the common law. *Keyser v. School District*, 35 N. H. 483; *U. S. v. Molten*, 5 Mason, 544; *State v. Taylor*, 21 Mo. 477; *State v. Palmer*, 4 Mo. 453; *State v. Ames*, 10 Mo. 743; *State v. McDonald*, 8 Mo. 283; *State v. Beaucleigh*, 92 Mo. 496.

SHERWOOD, J.—The defendant was prosecuted for arson in the fourth degree, the indictment being as follows:

"STATE OF MISSOURI, } ss.
"County of Dent.

"The grand jurors for the State of Missouri, summoned from the body of Dent county, and duly impan-

eled, sworn and charged, upon their oaths present that
John Harvey, at and in said county of Dent, on the
1st day of February, 1894, did then and there unlaw-
fully, willfully, maliciously and feloniously set fire to
and burn certain chattels and personal property belong-
ing to one John W. Robnett, a citizen of Dent county,
which said property was then and there situate on the
farm and premises of said John W. Robnett, in said
Dent county and State aforesaid; said chattels and per-
sonal property consisting of three certain ricks or stacks
of hay of the value of thirty dollars, contrary to the
form of the statute in such cases made and provided,
and against the peace and dignity of the State.

"J. J. COPE, Prosecuting Attorney."

Being tried, the defendant was found guilty, and
four years' imprisonment in the penitentiary were
awarded to him.

The indictment is founded on section 3518, Revised
Statutes 1889, in these words: "Every person who
shall willfully set fire to and burn any goods, wares or
merchandise or other chattels of another not the sub-
ject of arson in the third degree, or any stack of grain
of any kind belonging to another, or any grain, grass
or herbage growing or standing in the field, or any
nursery or orchard of fruit trees, or any fence or hedge
belonging to another, or any bridge or causeway not
the subject of arson in the first degree, shall be adjudged
guilty of arson in the fourth degree."

There is no bill of exceptions in this cause, so we
can only look to the record proper, and the only ques-
tion presented by that is the sufficiency of the indict-
ment.

When this cause was here before (131 Mo. 339) it
was contended that burning *haystacks* did not consti-
tute arson in the fourth degree. But that contention
did not prevail then, nor can it prevail now. It is true

that the doctrine of *ejusdem generis* was not discussed by BURGESS, J., when delivering the opinion of the court, but the substance of that doctrine was included in the remarks he then made, showing in effect that the term *"chattels"* is very comprehensive, sufficiently so to embrace *haystacks*.

The word chattel is a more extensive term than *"goods or effects."* Web. Internat. Dic. And effects are defined as "property, goods and chattels, movables, including fixtures. Rapalje, Law Dic.

Upon these authoritative definitions we make no doubt that haystacks are *ejusdem generis* as "goods, wares or merchandise," and are properly embraced under the term chattels.

Moreover, the indictment would be good upon another ground, under the clause of the section aforesaid, which embraces "any grain, grass or herbage growing or standing in the field."

Now, hay is but grass "cut and cured for fodder," Web. Internat. Dic.; and so the words "grass . . . . . . standing in the field," may well include haystacks.

Therefore judgment affirmed. All concur.