SCHELL v. EQUITABLE LOAN AND INVESTMENT ASSOCIATION OF SEDALIA, Appellant.

In Banc, May 30, 1899.*

1. **Building and Loan Associations**: CONTRACTS: STATUTES. The statutes of this State governing building and loan associations form a part of the contracts between the association and its borrowing members, and should be so read into the contracts as to prevail over their language if such language is in conflict therewith.

2. ———: ———: ———: REDEMPTION OF STOCK: MATURITY AT END OF ONE HUNDRED MONTHS. And a provision in the borrowing shareholder's obligation that shares of stock pledged for a loan shall reach their par value at the end of one hundred months, and then be taken and canceled in full satisfaction of the obligation, loan and deed of trust, regardless of the earnings of the association, will be held, if in conflict with the statutes governing such associations, as not binding on the association to redeem in that time and to release the deed of trust, if the shares, at the time of their maturity, are not worth their par value. Such associations had no power in 1889, to fix an arbitrary period within which its shares of stock would reach maturity.

*NOTE.—Decided March 21, 1899. Motion for rehearing filed; denied May 30.

3. ———: ———: ———: MUTUALITY.  A building and loan associa-
tion organized under the mutual plan has no power to so contract as
to give some of its shareholders greater profits than others.

4. ———: ———: USURIOUS: PLEADINGS.  Plaintiff's point on appeal
that a loan made by him from a building and loan association is a
usurious contract will not be considered if it was wholly omitted from
the pleadings and judgment.

*Appeal from Greene Circuit Court.*—Hon. James T.
Neville, Judge.

Reversed and bill dismissed.

Barnett & Barnett and Sam H. West for appellant.

The provision in the notes described in the trust deeds
sought to be released, to the effect that the shares of stock
pledged to secure said debts, shall mature and be entitled to
redemption at the par value of $200, at the end of one hun-
dred months, and shall then be canceled in full satisfaction
of the borrower's note and deed of trust, should be construed
as an estimated period at which said stock would mature, and
not an absolute contract or guarantee that it should so ma-
ture.  If such provision is to be construed as an absolute
guarantee that the shares shall mature within that length of
time, and that said stock would be worth full par value; then
such stipulation in the note is void because violative of the
principle of mutuality between the shareholders.  R. S.
1889, sec. 2817; King v. Bldg. Union, 170 Ill. 135; Weiman
v. Invest. Union, 67 Ill. App. 550; Omally v. Bldg. Ass'n, 36
N. Y. Sup. 1016; Dickinson v. Trust Co., 52 N. Y. Sup. 672;
Endlich on Bldg. Ass'ns (2 Ed.), secs. 339, 340 and 341.
(a)  The law must be read into these contracts, and the con-
tracts must be moulded to conform to the law.  Latimer v.
Invest. Ass'n, 81 Fed. 776.  (b)  A building association is
a mutual concern, and is bound to treat its members equally.
Any contract or by-law made in contravention of such

Schell v. Equitable Loan & Inv. Ass'n.

mutuality is void. Kent v.Mining Co., 78 N. Y. 159; Thompson on Corps., sec. 1011; Morawitz on Priv. Corps., sec. 367; Weiman v. Invest. Union, 67 Ill. App. 550; King v. Bldg. Union, 170 Ill. 135; Omally v. Bldg. Ass'n, 36 N. Y. Sup. 1016.   (c) Membership is acquired by virtue of becoming owner of stock.   Endlich on Bldg. Ass'ns (2 Ed.), p. 39; Thompson on Bldg. Ass'ns, sec. 2; Robertson v. Homestead Ass'n, 69 Am. Dec. 151; Bosworth v. Sumpter Real Estate Co., 100 Ga. 60.   (d)   The payment by the borrower on his dues is not a payment on the debt; the two must be kept distinct.   The payments on his stock are simply investments.   They do not diminish the amount of his interest.   Post v. Loan Ass'n, 37 S. W. 216; Endlich on Bldg. Ass'ns (2 Ed.), secs. 331, 332, 385 and 528; Strohen v. Loan Ass'n, 115 Pa. St. 273; Rogers v. Hargo, 20 S. W. 430; Brown v. Archer, 62 Mo. App. 277.

MASSEY & TATLOW for respondent.

The provision of the obligation executed by the plaintiff Schell to the association, fixing a definite time for the maturity of his stock so that at the end of the one hundred months his debt should be paid thereby, and his obligation and deed of trust canceled is not *ultra vires*, for the following reasons:   (a)   The statute does not in express terms prohibit it.   (b)   Section 2811, Revised Statutes 1889, provides that "every such corporation shall only loan its funds on real estate security, or on the security of its own shares of stock.   Such loans being made upon the terms and conditions and in the manner which shall be specified by its bylaws."   (c)   If the charter of the defendant association does not give the association any express power to make such a contract, it does by implication; for, in the very nature of things, a definite time should be fixed, when, by the payment of monthly dues, interest and premium, the borrower's obligation to pay will be at an end.   Loan Ass'n v. Wagner,

122 Ind. 78.    (d)    After the borrower has paid monthly dues, interest and premiums for a sufficient time to have repaid the association his loan, together with a reasonable rate of interest thereon, any other payments by him are for the purpose of making up losses, if there have been any losses, but if, as in this case, there have been no losses, then it is for the purpose of increasing the non-borrower's interest. Strohen v. Loan Ass'n, 115 Pa. St. 273; Curtis v. Ass'n, 69 Conn. 6; Brown v. Archer, 62 Mo. App. 277; Cook v. Kent, 105 Mass. 246; Rogers v. Raines, 38 S. W. 483; Rogers v. Hargo, 20 S. W. 430; Endlich on Bldg. Ass'ns (2 Ed.), sec. 523.    (e)    So under the authorities last cited, the doctrine of equity, equality and mutuality, invoked by the appellant, will not prevent the carrying out of this contract as *ultra vires*.

ROBINSON, J.—This is a suit in equity instituted in the Greene Circuit Court by the plaintiff, a borrowing stockholder, against the Equitable Loan & Investment Association of Sedalia, a building and loan association organized under article IX, chapter 21, Revised Statutes 1879, to cancel and declare satisfied two certain deeds of trust on lot four in Kelley's addition to Springfield, Missouri, given to secure loans obtained by plaintiff from said association.    On the hearing in the circuit court the issues were found for the plaintiff and a decree rendered that said deeds of trust be canceled and for naught held, and that plaintiff recover of defendant his costs expended therein; from which judgment defendant appealed.

The petition, after stating that defendant is a building and loan association organized under the statutes of this State, in substance alleges that on the 20th day of March, 1889, being the owner of the real estate in question, and desirous of borrowing $800 with which to build a dwelling house on said premises, and the further sum of.

$200 for the purpose of making certain other improvements thereon, the plaintiff was solicited to take five shares of stock in the association, on the assurance that the association would loan him said sums of money upon his securing such loans by a pledge of his shares and a deed of trust upon his Springfield real estate; thereupon he took and subscribed for five shares of stock in the association; that on April 17, 1889, the defendant loaned the plaintiff from its accumulated assets the sum of $800, plaintiff giving his note therefor, whereby he obligated himself to pay the sum in one hundred monthly payments of $12 per month; that afterwards, on April 12, 1890, he borrowed of said association the further sum of $200, and gave his note promising to pay the last named sum in one hundred monthly payments of $3 per month; that the loans and obligations assumed in relation thereto were secured by a pledge of plaintiff's five shares of stock and the two deeds of trust in question. It was further alleged that both deeds of trust and the notes secured thereby contained the following provision, to wit: "The payment of said monthly sum of ——— dollars for the full period of said one hundred months, and fines and penalties, shall entitle each of said shares of stock to redemption by said association, at the par value of $200 each, and the said shares so entitled to redemption shall at the end of said one hundred months be taken and canceled by said association in full satisfaction of the obligation, and of the deed of trust to secure the same; in consideration of the said redemption of the said stock and the satisfaction of this obligation and said deed of trust, at said end of one hundred months, I hereby waive and release all further right, interest and benefit in or to the profits and earnings of said association, and hereby transfer and assign same to said association." The petition further alleged that plaintiff had fully complied with all of the terms and conditions of said deeds of trust and the obligations secured thereby, and paid all monthly dues, instal-

ments and premiums, as therein required, for the full period of one hundred months; and that thereupon plaintiff had requested the defendant company to cancel his pledged shares, and acknowledge satisfaction of said deeds of trust, or to execute and deliver to him a sufficient deed of release therefor, the costs and charges for executing same having been tendered to the defendant therefor, to do which, however, the association has refused, and the plaintiff prays that the defendant be required so to do, and that said deeds of trust be adjudged satisfied, and for general relief.

The answer of defendant, after admitting the incorporation of defendant company and the execution of the notes and deeds of trust, in substance averred that while the face or par value of plaintiff's shares of stock was $200 each, yet said shares would not be worth their face value until by the payment of dues thereon as provided by the law governing building and loan associations, together with the profits, they would have earned $200 per share; that under the law governing building and loan associations, and the by-laws of the association, the advancement so made to the plaintiff was upon the full estimated or maturity value of his shares of stock, with the understanding that plaintiff should continue to pay the monthly dues on said shares until they had earned or become worth the sum of $200 per share, and should also pay the association interest upon the amount so advanced until such time as said shares should mature, together with the sum bid for preference and priority of loan. It was further averred that the provision in the obligations secured by the deeds of trust sought to be released, to the effect that the shares of stock pledged to secure the loans in question should mature and be entitled to redemption at the par value of $200 at the end of one hundred months and then canceled and satisfied, should be construed as an estimated period at which said

stock should reach its par value, and not an absolute guarantee that it would so mature; and that if such provisions can be construed as a guarantee that plaintiff's shares should be worth their full par value within the one hundred months period, then such stipulation is violative of the principle of mutuality between the shareholders and beyond the powers of the association.

The defendant further averred that all of the shares of stock held by the non-borrowing members of the association contained a provision that such shares should also mature and be redeemed at the expiration of one hundred months from the date thereof, and that it would be utterly impossible to carry out such provisions as to all of the members of the association for the reason that such shares would not, at the expiration of the one hundred months period, have earned the full sum of $200 per share; and that if the provision in the deeds of trust sought to be released, providing that the deeds of trust should be released at the end of one hundred months, provided the dues, interest and penalties on plaintiff's pledged shares should have been fully paid up to that period, should be enforced, the plaintiff would thus acquire an undue preference and an inequitable advantage over the free shareholders and the other members of the association holding shares with like provisions as to the period of maturity; that the shares of stock so pledged by plaintiff had not matured, but had only earned, and were only worth the sum of $141.14 per share; that it was impossible to carry out the agreement to mature plaintiff's stock within one hundred months, and also mature the shares of the free shareholders containing a similar agreement touching the time of maturity.

The plaintiff replied by a general denial.

It appears from the record in this case that plaintiff has complied with all the terms and conditions of the obligations entered into by him at the time the loans in question were

made, and paid all monthly instalments, dues and premiums as therein required for the full period of one hundred months. His pledged shares of stock, however, have not matured, being only worth, at the time this suit was instituted, $141.14 per share; and if the decree of the court below is sustained and said deeds of trust released there will be a resulting loss on each share of $56.86, which will fall upon the free shareholders. The evidence shows that it is impossible to mature the shares of stock so pledged by plaintiff within the one hundred months period, and at the same time mature the shares of the free shareholders containing a similar clause as to the time of maturity.

Counsel for plaintiff contends that said deeds of trust should be released at the expiration of the one hundred months period, regardless of the fact that plaintiff's shares of pledged stock had not matured. On the other hand defendant insists that the foregoing clause in the notes in question stipulating for a release of said deeds of trust at the end of one hundred months, providing the dues, interest and penalties on said shares should have been fully paid for that period, regardless of the maturity of said stock and the earnings of the association, is in contravention of the statutes of Missouri governing building and loan associations and violative of the principles of mutuality between the shareholders and beyond the powers of the defendant company.

The precise point involved in this appeal was before the Court in Banc in the recent case of Bertche v. Equitable Loan & Investment Ass'n, 147 Mo. 343, where, after a full review of the authorities the conclusion was reached that the statutes of this State governing building and loan associations must be considered as forming a part of the contract between the borrowing members and the association, and should be so read into their contract as to prevail over their language; and that the provision in the borrowing stockholders' obligations, providing that the pledged shares should

reach their par value at the end of one hundred months, and their deeds of trust released regardless of the earnings of the association, was in contravention of the chartered powers of the association, at the time of its oganization, and subversive of the legislative scheme governing building and loan associations at that time and beyond the powers of its officers, and we see no reason for departing from the rule thus announced. The record now under consideration presents just such a case. A careful examination of the records in both cases satisfies us that the facts in this case, with the exceptions already noted, do not substantially differ from those appearing in the record in that case. Consequently the decision in Bertche v. Association, *supra*, dominates this case. There, as here, it was contended that the terms of the obligation entered into by the borrowing stockholders provided that the stock pledged to secure the loans in question should reach its full face or par value at the end of one hundred months, and the deed of trust securing such loans satisfied and released, regardless of the earnings of the association and the fact that said shares had not matured. In that case it was explained that the statute of 1889, which was in force at the time this loan was made, did not authorize the fixing of a period of one hundred months at which the shares of stock in a building and loan association should reach its par value. Manifestly it was not contemplated by the statute governing building and loan associations that any definite or arbitrary period should be fixed by the association at which its shares of stock should reach their par value. Consequently it was beyond the powers of the association, a mere creature of the statute, to fix an arbitrary period of one hundred months in which its shares of stock should reach maturity. It was also pointed out in that case that a building and loan association organized under the mutual plan must treat all its members equally, and any contract whereby one shareholder obtains a greater share of the profits than another

would be violative of the principles of mutuality between the shareholders.

As to the point made in the very able and exhaustive brief of counsel for plaintiff that there was usury in these loans, it suffices to say that this is not a suit for an accounting in which the debtor pleads usury and asks credit for the amount of usurious interest paid. The plaintiff, on the contrary, by his petition filed herein, bases his claim to relief solely upon the provision in said obligations and deeds of trust providing for a release thereof at the expiration of one hundred months, and upon the further fact that he has complied with the terms and conditions of said obligations by paying all monthly instalments as therein required for the period of one hundred months, and having so complied with his obligations is entitled to the stipulated release of his deeds of trust and the cancellation of his said shares. No mention whatever is made in the pleadings as to the usurious nature of the transaction. Moreover, the circuit court does not base its decree on the fact that usury has been exacted, but the judgment below, as shown by its recital, is predicated on the fact that plaintiff has paid his monthly dues, instalments and premium for the period of one hundred months. The question of usury was not in this case upon its pleadings and need not now be discussed on this appeal.

Judgment of the circuit court will therefore be reversed and plaintiff's bill dismissed. GANTT, C. J., SHERWOOD and MARSHALL, JJ., concur; BRACE and VALLIANT, JJ., not sitting; BURGESS, J., absent.