BENJAMIN F. CASTON, Appellant, v. P. G. STAFFORD, Receiver, etc., Respondent.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Building and Loan Associations: POWER OF: MATURITY OF STOCK: STATUTE.** A building and loan association is a mere creature of the statute and can not fix any period when its shares shall mature, since the statute determines that time to be when the value of the stock, by reason of the earnings of the association, reaches its par value.

2. ———: **RELEASE OF DEED OF TRUST: CONTRACT.** The borrowing stockholder is entitled to have his deed of trust, given to secure the payment of his monthly dues, released only when he has repaid the loan of his monthly dues and the profits bring his stock to par; and a contract that the stock shall mature earlier is *ultra vires*.

3. ———: **GRANTEE OF LAND: DEED OF TRUST: NOTICE.** The grantee of the borrowing stockholder is affected with notice of the intent of his grantee's obligation beyond that manifested by recitals in the deed of trust, and stands exactly in the same position as does the original mortgagor; and, where he assumes the performance of such obligation, he becomes personally bound in the original contract to the same extent as the original obligor.

4. ———: **MONTHLY DUES: PAYMENT ON LOAN.** Monthly dues on stock do not constitute payments on the loan and do not *ipso facto* work an extinguishment of so much of the loan.

5. ———: **ACCOUNTING: RELEASE OF MORTGAGE: PLEADING.** In a bill for an accounting against a building and loan association on a loan it should be alleged that the payment of the monthly dues for the period designated had brought plaintiff's stock to par and that in consequence he was entitled to a release of his deed of trust.

6. ———: ———: ———: ———: `INSOLVENCY:` RECEIVER. Where in a bill against an association for an accounting on a loan there is no allegation of insolvency, the fact that the association is in the hands of a receiver will not authorize an inference of insolvency.

Appeal from Pettis Circuit Court.—*Hon. Geo. F. Longan,*
Judge.

**AFFIRMED.**

*Sangree & Lamm* and *Montgomery & Montgomery* for
appellant.

(1)  The plaintiff is not a shareholder.  The averments
of the petition do not show that he was a subscriber to the
stock of the association, or that he acquired any stock by as-
signment or otherwise.  He simply bought the real estate sub-
ject to the deed of trust.  (2)  Not being a member of the
association, the reasoning that declares the making of eighty-
four monthly payments does not mature the stock, does not
apply to him.  His liability is not determined by the con-
tract of membership but by the terms of the mortgage.  (3)
The English authorities universally hold that where time
has elapsed without the objects of the association or society
having been accomplished, the mortgage security is discharged,
though the individual liability remains on the member to pay
his dues.  Sparrow v. Farmer, 26 Beav. 511; Wilson v. Build-
ing Society, 12 Grant Ch. U. C. 206; Everman v. Schmidt, 24
Bull. 56; In re Doncaster, Etc., Society, L. R., 3 Eq., 158.
This rule is also adopted by the text-writers and courts of this
country.  Wiltsie on Mortgages, sec. 451; Thornton on Build-
ing and Loan Associations, sec. 335; Thompson on Building
and Loan Associations, pp. 88-128; Endlich on Building and
Loan Associations, sec. 452; Barker v. Bigelow, 15 Gray 135;
Fagan v. Savings & Loan Ass'n, 57 N. W. Rep. 142, s. c., 55
Minn. 437; Robertson v. American H. Ass'n, 10 Md. 397;
Low Street Bldg. Ass'n v. Zucker, 48 Md. 448; Bower v.
Building & Loan Ass'n, 28 Atl. Rep. 70, s. c., 51 N. J. Eq.
272; Building Ass'n v. Hilton, 1 Mackey (D. C.) 107; Ran-
dall v. National Bldg. & Loan & P. Union, 60 N. W. Rep.

1020, s. c., 42 Nebr. 809; Sawtelle v. North American S. and L. and Building Association, 48 Pac. Rep. 211, s. c., 14 Utah 443; Bower v. Lincoln Building & Loan Ass'n, N. J., 28 Atl. Rep. 67, s. c., 51 N. J. Eq. 272; Martinez v. Wilson, 108 Fed. Rep. 705.

*Barnett & Barnett* for respondent.

(1) The court committed no error in sustaining the demurrer to plaintiff's petition, as said petition does not state facts sufficient to constitute a cause of action. (2) Under the allegations of the petition the plaintiff is a shareholder in the building and loan association, and, hence, it is not entitled to have the shares cancelled in satisfaction of his debt until said shares have matured, that is, actually earned enough to make them worth their full face value. (3) The provision in the deed of trust declaring that said shares of stock are entitled to redemption upon the payment of dues for eighty-four full months, is void and can not be enforced. Bertche v. Savings and Loan Ass'n, 147 Mo. 343; Schell v. Loan and Investment Ass'n, 51 S. W. 3. (4) It is immaterial, so far as our contention is concerned, whether plaintiff is the owner of the pledged stock or not. He seeks to avail himself of the benefit of these shares by having them applied to the use of his debt, and if he so uses them, they must be taken at their value. Whether the stock is his or another's, if it is sought to use it as an offset against his debt or as a payment thereon, it can only be taken at its value. (5) The plaintiff had notice of every recital in the deed of trust, as he covenanted to carry out its provisions, thus substituting himself for the original mortgagor. (6) The purchaser of the property who assumes the debt and covenants to carry out the terms of a building and loan mortgage, stands exactly in the same position in the matter of an accounting with the association as did the original mortgagor. 4 Am. and Eng. Ency. Law (2 Ed.),

pp. 1066 and 1067; Savings Bank Ass'n v. Collins, 27 Conn. 142; Handley v. Farmer, 29 Beav. 362; Heim v. Vogel, 69 Mo. 529; Fitzgerald v. Barker, 70 Mo. 685; Wiggins Ferry Co. v. Railroad, 73 Mo. 389. (7) The payments upon dues do not constitute payments upon the debt, but are payments upon the stock, and are simply investments. They do not diminish either the amount of the principal or the interest. Post v. B. & L. Ass'n, 37 S. W. 216; Endlich on Building Ass'n (2 Ed.), secs. 331 and 332; Brown v. Archer, 62 Mo. App. 277; Sappington v. Loan Ass'n, 76 Mo. App. 242; Hale v Cairns, 77 N. W. 1010; Brown v. Archer, 62 Mo. App. 277. (8) The purchaser of real estate, subject to a building and loan mortgage, can not compel the association to apply the payments made upon the stock pledged to the payment of the debt. He must pay the full amount borrowed, and can not reduce the debt by having stock payments applied thereto. Spring Garden Ass'n v. Loan Ass'n, 46 Pa. St. 493.

SMITH, P. J.—The petition alleged: (1) That the Sedalia Building & Loan Association was organized under the statutes of this State, and that the defendant, Stafford, had been duly appointed its receiver. (2) That Max Caston and William Frankner were the owners of certain real property in this State, describing it. (3) That the said Caston and Frankner applied to said association for a loan of $1,700 which was granted to them, and on April 18, 1891, they, with Herman Caston and Lulu Caston, executed and delivered to said association a deed of trust conveying to one Taylor as trustee the said real property, and also assigning seventeen shares of stock in said association to secure a note executed by said Lulu Caston to said association, whereby, for value received, she promised to pay said association $13.60 (the same being monthly dues on said shares of stock), and $10.20 interest due monthly upon the said sum so borrowed, and the sum of $6.80, being the premium due monthly on said sum borrowed, on the

twentieth day of each and every month for eighty-four months. from the date of the certificates of said shares of stock.   And it was agreed in said note that in case of default in the payment of said monthly dues, to pay all fines and penalties assessed on account thereof; and in case of default, the said stock and the security given to secure said monthly dues, should, upon a sale thereof, be insufficient to repay said association, any balance due on said loan, that she, the said Lulu Caston, would pay the same.   (4) And further, that the payment of said monthly dues for a period of eighty-four months, and of all fines and penalties, should entitle said shares of stock to redemption at the par value of $100 each, and that the said shares at the end of eighty-four months should be taken and cancelled by said association in full satisfaction of said note and deed of trust; and that in consideration thereof the said Lulu Caston waived and released all further right, interest and benefit in or to the profits and earnings of said association,. etc.   (5)   That the deed of trust contained the usual recitals to the effect if the said Lulu Caston paid the several sums mentioned in said note and complied with the terms and conditions. thereof that the said deed of trust should be void and the property thereby conveyed should be released, etc.   (6)   That in 1896 the said Caston and Frankner, the owners of the said real property, conveyed the same by warranty deeds to the plaintiff, subject to said deed of trust, and that up to that date each and all of said monthly dues on said stock had been paid, and that under the terms of said warranty deeds the plaintiff assumed and covenanted to pay the balance which might be due or owing under and in accordance with the terms of said deed of trust, and that plaintiff, from said date until the month of January, 1898, paid all of said monthly dues required by the terms of said deed of trust, and that on January 5, 1898, there remained three monthly dues of $30.60 each, amounting to $91.80, which amount plaintiff tendered said defendant, in full satisfaction and discharge of said unpaid dues, which was re-

fused. (7) That plaintiff have an accounting with defendant for the amount due under the deed of trust and be permitted to pay said sum of $91.80 into court, and for judgment satisfying of record said deed of trust, etc.

To which petition the defendant demurred on the ground that it failed to state facts sufficient to constitute a cause of action, which was by the court sustained and judgment given accordingly, and the plaintiff appealed.

It is thus seen from the allegations of said petition that it is claimed by him that if his grantor had, in accordance with the terms and conditions of her said note and deed of trust, paid on the twentieth day of each month, for a period of eighty-four months from the date of the certificate of said shares of stock, the dues on said shares, the interest and premium on said loan amounting in the aggregate to $30.60, with all fines and penalties, her stock was entitled to redemption and the deed of trust to satisfaction. As the plaintiff himself has tendered the three last payments of said monthly dues which were required to complete the eighty-four months period, we may consider, for the purpose of determining the question raised by the demurrer, that all of said monthly dues, fines and penalties were paid for the said eighty-four months period. The case then is that the plaintiff acquired the title to said property subject to a deed of trust given thereon to secure the payment of certain monthly dues for a specified period which have all been paid, and the question now is whether or not he is by reason thereof entitled to a decree ordering the satisfaction of said deed of trust to be entered of record.

In Bertche v. Loan Ins. Ass'n, 147 Mo. 343, the note incorporated in each of the deeds of trust, given to secure the advancement, was quite similar to that pleaded in this case, and the court there held that the notes and deeds of trust were "in contravention of the chartered powers and by-laws of the association and subversive of both the letter and spirit of the legislative scheme governing building and loan associations in this

State, and beyond the powers of the board of directors." It was further said *arguendo* in the same case that a building and loan association, organized and based on the mutual plan, requiring subscription to its capital stock to be made in periodical payments, which should continue until the payments together with the earnings of the association should be equal to the full face value of the shares, has no authority to issue a certificate of stock wherever it agrees to pay the stockholder the full face value of each share at the end of six years on payment of seventy-five per cent per month on each share during said period, and that such an association is bound to treat its members equally, and any contract made by such association in contravention of such mutuality is *ultra vires* and void. To the same effect is Fisher v. Patton, 134 Mo. 32.

Building and loan associations are mere creatures of the statute and are wholly without power to arbitrarily fix any period or time within which the shares of its members shall reach maturity. The statute (article 2, chapter 42, Revised Statutes 1889) has provided a scheme for paying the capital stock in installments so long as such periodical payments, taken in connection with the other income of the association arising from fines, dues, interest and profits, are necessary in order to bring the stock to par. This value represents the amount which the shares are expected to be worth when it has accumulated the amount contemplated at the outset. The association may be said to have accomplished the purpose of its organization when by the periodical payments made by its members and the gains therefrom, each member has paid up to the amount fixed by the statute. And so the statute provides that when all the shares of any series shall have been redeemed, or whenever the funds shall be sufficient to pay the debts of the association and upon the unredeemed shares of such series, the value thereof as fixed by the by-laws, then the debts of the association shall first be paid and the deeds of trust of borrowers released and the free shares paid off. Sec. 2817.

It is only necessary to read the building and loan statute in order to see that under its provisions there are only two ways by which a borrowing stockholder may be entitled to have released a deed of trust given to secure the payment of his monthly dues, namely: one when he repays the loan as provided in section 2813, and the other when the payment of the monthly dues on his stock and the profits of the business of the association together become sufficient to mature such stock or bring it to par. Under the ruling in Bertche v. Ass'n, supra, the contract embodied in the deed of trust here, in so far as it related to the maturity and redemption of the stock and release of the deed of trust, was clearly inoperative. The statute requiring the borrowing stockholder to continue the payment of monthly dues until the stock reaches par, is as much a part of the contract as if it had been written in the face of such contract. It results from this that with the elimination of the *ultra vires* agreement from the contract and the substitution of the statute in its stead, we have a contract which provides that at the end of any period of payment of the monthly dues the stock shall reach par, whether that period turn out to be eighty-four months, or a longer or shorter one, it shall be redeemed and the deed of trust released. Any time arbitrarily fixed in a contract with the borrowing stockholder for the maturity of the stock and the release of the security is but an assumed time at most, and if the stock does not mature at such assumed time, the borrowing stockholder, notwithstanding this, continues the payment of his monthly dues on his stock until it does reach maturity, at which time he will be entitled to the release of his security, and this, we think, results from the operation of the statute.

The stock in question had not at the time of the tender reached par, but was, as we are authorized to infer, of a much less value, and yet the plaintiff insists that such stock should be redeemed as if it had reached par and the security for the payment of the dues thereon satisfied. The stock in such case, it

seems to us, can not be a set off against the loan until it has reached par, in which case the amount of the one would be equal to the other.   The plaintiff in the deed by which he acquired the property, which he seeks to have released from the deed of trust, covenanted to pay the balance which might be due or owing under and by virtue of the said deed of trust according to the terms and provisions thereof.   As we have seen, the deed of trust must be interpreted as if the statute were written therein, and that being so, the obligation assumed by the plaintiff was to continue to pay the monthly dues on the pledged stock until it reached maturity.

But it is said that the plaintiff is not a stockholder and is not, therefore, affected with notice of the extent of his assignor's obligation to the association beyond that manifested by the recitals in the deed of trust itself.   The statute is a part of the contract, and therefore the plaintiff was bound to know what was written in the contract by the parties themselves as well as that part supplied by the statute, for he can not be heard to plead ignorance of the provisions of a public statute.   It has been held, as will be seen by reference to the authorities cited in defendant's brief, that when a purchaser of property assumes the debt and covenants to carry out the terms of a building and loan mortgage, he stands exactly in the same position in the matter of an accounting with the association as did the original mortgagor.   If we read the statute into the contract here, it is clear that he agreed to pay monthly dues on the stock until it reached maturity.   Having assumed the performance of this obligation, he became personally bound in the original contract to the same extent as the original obligor.   Heim v. Vogel, 69 Mo. 529; Fitzgerald v. Barker, 70 Mo. 685; Ferry Co. v. Railroad, 73 Mo. 389.

The payment of the monthly dues on stock do not constitute payments on the loan (Brown v. Archer, 62 Mo. App. 277), and do not *ipso facto* work an extinguishment of so much of the loan.   The payment on one is not necessarily a payment

on the other.    Wilson v. Martinez, 108 Fed. Rep. 705; Ass'n v. Reed, 93 N. Y. 475; Southern B. & L. Ass'n v. Anneston, 101 Ala. 582.    At the time of the tender the plaintiff was entitled to no greater rights in respect to the release of the deed of trust than his grantor would have had, had she then owned the property.    If the plaintiff's grantor would not then have been entitled to the release, neither would he.    The plaintiff should have alleged in his petition that on the payment of the monthly dues for the said period of eighty-four months the stock of his grantor reached par and that in consequence thereof he was entitled to have the deed of trust released. This we regard as an essential to show a case for equitable interference.

It is not expressly alleged in the petition that the association is insolvent, nor is any claim made to any right based on the existence of such insolvency.    It does not necessarily follow that the association is insolvent because in the hands of a receiver.    It may be ordered out of his hands and resume business for aught that we know.    In view of these facts we do not feel at liberty to consider the plaintiff's case upon the theory that the association is insolvent.

The long line of cases cited by the plaintiff, we think inapplicable to a case of this kind when the alleged contract which it is claimed has been performed is inoperative.

Accordingly the decree will be affirmed.    All concur.