## JOHN W. GARY et al., Respondents, v. W. H. VERITY, etc., et al., Appellants.

### St. Louis Court of Appeals, April 14, 1903.

1. **Building and Loan Association: STOCKHOLDER: AFTER-WARD-BORROWING MEMBER.** Plaintiff who subscribed for stock in a building association, on which he paid stock dues for ten months, when he negotiated a loan on his stock and in payment thereof he agreed to pay monthly installments for one hundred months, when the same was to be cancelled and his stock treated as paid up, was not entitled to treat the ten months during which he had made payments on his stock prior to the making of the loan, as a part of the time he was required to pay to satisfy the loan.

2. ————: **CONTRACT TO CANCEL, ULTRA VIRES.** The contract made by the building and loan association, that on payment of installments on a loan made to plaintiff for one hundred months, the loan should be cancelled, was *ultra vires* and void, because against the rights of other stockholders.

3. ————: **PAYMENTS REQUIRED, NOTWITHSTANDING CONTRACT.** Plaintiff, who was a member of the building association, had made a loan from it and was required, notwithstanding his contract, to make payments on the loan until it was discharged by maturity of its stock in the usual course of business, or by payments sufficiently large to discharge the loan at once, regardless of the association's agreement to cancel the obligation on a certain number of payments being made.

4. ————: **INSOLVENCY: BORROWING MEMBER: NOT ENTITLED TO CREDIT WITH VALUE OF STOCK.** If a building association is insolvent, a borrowing member is not entitled to be credited on his loan with the value of his stock, since his rights arising therefrom can be ascertained only by the liquidation of the company.

Appeal from Ripley Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*Virgil Conkling* and *Morton Jourdan* for appellants.

When the loan association has become insolvent, payments on stock will not be applied as credits on the loan. The borrower must repay his loan and should present his claim for stock payments to be allowed in due course against the insolvent estate. Brown v. Archer, 62 Mo. App. 277; Price v. Loan Ass'n, 75 Mo. App. 551; Clark v. Lopp, 80 Mo. App. 542; State ex rel. v. Loan Ass'n, 80 Mo. App. 585; Woerhide v. Johnston, 81 Mo. App. 200; Hohenshell v. Loan Ass'n, 140 Mo. 566; Phelps v. Loan Ass'n (Mich.), 80 N. W. 120. The one-hundred-months clause pleaded by plaintiff is *ultra vires,* and, therefore, not binding on defendants. Bertche v. Loan Ass'n, 147 Mo. 343. "A building and loan association is a mere creature of the statute and can not fix any period when its shares shall mature, since the statute determines that time to be when the value of the stock, by reason of the earnings of the association, reaches its par value." "The borrowing stockholder is entitled to have his deed of trust, given to secure the payment of his monthly dues, released only when he has repaid the loan of his monthly dues and the profits bring his stock to par; and a contract that the stock shall mature earlier is *ultra vires.*" Caston v. Stafford, 92 Mo. App. 182.

No brief for respondents.

GOODE, J.—Respondents instituted this action, which is in the nature of a bill in equity, against W. H. Verity as assignee of the Missouri Guarantee Savings & Building Association and A. J. O'Neal, sheriff of Ripley county, to compel an accounting between the respondents and said assignee and to restrain said sheriff from selling certain lots belonging to the respondents under a deed of trust executed by them June 25, 1892,

to secure money borrowed from said building association.

Gary subscribed for stock of the par value of one thousand dollars in November, 1891, and paid the association dues of five dollars a month on it for ten months. In June, 1892, he made a loan of one thousand dollars on his stock and some lots in Doniphan, Missouri, securing the loan by a pledge of his stock and a deed of trust on the lots. By the terms of his note or contract with the association, Gary was to pay $15 a month for one hundred months; $6 for monthly interest on the money borrowed, $4 for premiums and $5 for stock dues.

The contract contained this clause:

"The payment of said monthly sum of fifteen dollars for the full period of said one hundred months and of all said fines and penalties, shall entitle said stock to redemption by said association at the par value of one thousand dollars, and the said stock so entitled to redemption shall, at the end of said one hundred months, be taken and cancelled by said association in full satisfaction of this obligation and the deed of trust given to secure the same."

Gary paid $15 a month for ninety months as agreed, then set up a claim that he had satisfied his obligation to the association, demanded the surrender of his note and the cancellation of the deed of trust. By that time the association had become insolvent and had made an assignment to Verity for the benefit of its creditors. The assignee contended that Gary had not discharged his full obligation but still owed the association $620.87 and refused to release him until he paid that sum. Instead of paying it Gary began this suit, in which he relies on the facts that he had paid five dollars for ten months before he made the loan and that he paid fifteen dollars a month thereafter for ninety months, as showing full compliance with the terms of his contract with the association and entitling him to a release from further demands.

The answer of the assignee confessed that the money collected from Gary by way of premium was illegal and averred that he had been given credit for all the illegal premiums paid, with interest thereon at the contract rate, for the average time the association held the money.

No evidence was offered to support Gary's claim of right to have his property released, except his own, the substance of which has been stated. The circuit court, however, found that he had paid the association all he owed it according to the terms of his contract before this suit was begun, and entered judgment making perpetual the temporary injunction which had been granted to restrain the sheriff from selling the lots; whereupon the case was appealed to this court.

No attempt has been made by the respondent to support the judgment of the court below, nor could be; for it is directly opposed to all the adjudications in this State on the subject. To begin with, Gary's testimony showed affirmatively that he had not complied with his contract. He testified he had only paid for ninety months on his loan, but insisted that the five dollars a month he had previously paid as stock dues for ten months, made up the one hundred months, during which he was to pay. The contract, of course, had no such meaning. He was bound to pay his stock dues whether he made a loan or not; and he was bound to make payments on the loan for one hundred months. Such were the very terms of his contract and he would have no standing to be released from it if the one-hundred-months clause of the contract was valid. But it was *ultra vires* and void because in contravention of the rights of the other stockholders of the association. Bertshe v. Ass'n, 147 Mo. 343; Schell v. Ass'n, 150 Mo. 103; Hohenshell v. Ass'n, 140 Mo. 566; Caston v. Stafford, 92 Mo. App. 182; Worheide v. Ass'n, 81 Mo. App. 193; Clark v. Lopp, 80 Mo. App. 542; Brown v. Archer, 62 Mo. App. 277; Reitz v. Hayward, 100 Mo. App. 216.

. . . Respondents, regardless of that clause of the contract, were obliged to pay on their loan until it was discharged either by the maturity of the stock in the usual course of business, or by a payment large enough to discharge it at once.

But they are entitled to be credited with the usurious premiums paid and interest thereon.

They are not entitled to be credited with the value of their stock, in this action brought after the assignment was made. What is due them on that account can only be ascertained by the liquidation and winding up of the company, when the assets remaining after its debts are paid will be distributed in dividends to all the other stockholders, including the respondents. Worheide v. Ass'n, Reitz v. Hayward, supra.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.